UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENFRED ENTERPRISES, LLC,

    Plaintiff,

v.                                Case No: 6:20-cv-1038-Orl-78DCI

TEXTRON AVIATION, INC.,

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 11) and Plaintiff's Opposition (Doc. 16) thereto. As set forth below, the Motion will be granted.

**I.  BACKGROUND**

Plaintiff, a Florida limited liability company whose individual members reside in Orange Park, Florida, owns a 2006 Cessna 525A aircraft registered with the FAA. (Doc. 1, ¶¶ 2–3, 6). In January 2020, Plaintiff entered into an agreement with non-party James Dobson to sell the plane for $2,950,000. (*Id.* ¶ 7; Doc. 11-2 at 2). Pursuant to the agreement, Dobson agreed to have Defendant inspect the aircraft at its Cessna factory service center in Wichita, Kansas. (Doc. 1, ¶ 8). As a result, Plaintiff and Defendant entered into the Standard Aircraft Pre-Buy Survey Agreement ("**Contract**," Doc. 11-2 at 4–17) for the aircraft's inspection. (Doc. 1, ¶ 19).

After completing the inspection, Defendant informed Plaintiff the plane had multiple items in need of repair or replacement, known as a "squawk" in the aviation industry. (*Id.* ¶¶ 9–10 & n.3). But, upon reviewing Defendant's report, Plaintiff's manager felt that some

of the purported squawks were not legitimate and that the proposed price of the repairs was excessive. (*Id.* ¶ 12). Accordingly, Plaintiff decided to move the aircraft to Sarasota, Florida to obtain a second opinion and have the repairs completed at a lower price. (*Id.*). However, because Defendant found that the plane was not airworthy without the repairs, Plaintiff was required to obtain a special permit from the FAA to move the plane, which caused significant delays in having the aircraft moved, reinspected, and repaired. (*Id.* ¶ 13). Due to the delay, Mr. Dobson cancelled his purchase. (*Id.* ¶¶ 12, 17).

Plaintiff was ultimately able to move the aircraft to Sarasota, where a subsequent inspection, conducted by an entity not affiliated with Defendant, failed to find some of the squawks initially reported by Defendant and found that none of the squawks required mandatory repair or rendered the plane not airworthy. (*Id.* ¶¶ 16–17). Based on this second inspection, Plaintiff alleges the Defendant breached the Contract and caused it significant monetary damages. (*Id.* ¶ 17).

## II. LEGAL STANDARD

Absent an evidentiary hearing, the burden is on the plaintiff to present a prima facie case of personal jurisdiction over a nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). The court construes all well-pleaded allegations in the plaintiff's complaint as true unless directly contradicted by the defendant's affidavits. *Id.*

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis." *Id.* First, the court considers the forum state's long arm statute. *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005). "Florida's long-arm statute provides for two types of personal jurisdiction: specific jurisdiction[,] . . . where a party's contacts with the forum relate to the cause of action and general

jurisdiction[,] . . . where a party's contacts are unrelated to the litigation but, nonetheless, are "continuous and systematic." *Richards v. Fin. Servs. Auth.*, No. 5:09-cv-447-Oc-32GRJ, 2010 WL 2652509, at *2 (M.D. Fla. May 28, 2010) (citing Fla. Stat. § 48.193(1)–(2)), *adopted*, 2010 WL 2652513 (M.D. Fla. July 1, 2010).

Second, if personal jurisdiction is proper under state law, the court must determine that exercising personal jurisdiction is proper under the Due Process Clause of the Fourteenth Amendment. *Madara*, 916 F.2d at 1514. Under the Due Process Clause, either specific or general personal jurisdiction may exist. "Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated." *Id.* at 1292. The requirements for general jurisdiction are more stringent than those for specific jurisdiction. *Id.*

## III.  DISCUSSION

Plaintiff relies on both general and specific jurisdiction in support of its assertion of personal jurisdiction over Defendant. According to Plaintiff, general jurisdiction applies because Defendant is "at home" in Florida. It also claims that Defendant subjected itself to the specific jurisdiction of the Court under section 48.193(1)(a)(1) and (7) of the Florida Statutes because it conducted business in Florida, committed a breach of contract discovered in Florida, and injured a Florida resident. (Doc. 16 at 5–6).

### A.  General Jurisdiction

Plaintiff argues that the Court possesses general jurisdiction over Defendant because Defendant has nine offices and service centers in Tampa and Orlando and because its registered agent is in Orlando. (Doc. 16 at 4–5). Plaintiff insists that this shows Defendant conducts substantial activities in Florida.

"A defendant who is engaged in substantial and not isolated activity within [Florida], whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). "Because Florida's long-arm provision extends to the limits on personal jurisdiction imposed by the Due Process Clause, [the Court] need only determine whether the . . . exercise of jurisdiction over [the nonresident Defendant] would exceed constitutional bounds." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1316 (11th Cir. 2018) (quotation omitted). It is the exception, not the rule, for a federal court to exercise general jurisdiction over a foreign corporation. *Id.* at 1317. The only way to exercise this authority is if "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). In other words, the corporation's affiliations with the forum must be "so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)).

Plaintiff pleads that Defendant is "at home" in Kansas because it is a Kansas corporation with its principal place of business in Kansas, but also alleges that it has

"substantial minimum contacts in the Middle District of Florida, Orlando division." (Doc. 1, ¶¶ 1, 5). Plaintiff's assertion that the offices, service centers, and agent in Florida support a determination that Defendant is also at home in Florida is not well taken. First, a registered agent in the state does not confer general jurisdiction over the corporation. *Waite*, 901 F.3d at 1318 (citing *Sherritt*, 216 F.3d 1293). Second, even activities that suggest a defendant conducted significant business in Florida are insufficient to make a company "at home" in Florida. *Id.* (finding being registered to do business in Florida and having a plant, distributor, and customers in Florida insufficient to make the defendant "at home" in Florida). Here, Plaintiff makes nothing more than a conclusory allegation that Defendant had sufficient contacts in Florida to invoke general jurisdiction. The facts show that Defendant is not registered to conduct business in Florida. Plaintiff does not allege Defendant's executives live in or even stepped foot in Florida during the Contract. Nothing in the record suggests the company directs its operations from any place other than Kansas. In other words, there is nothing in the record to suggest that Florida is "a surrogate for the place of incorporation or head office." *Daimler AG v. Bauman*, 571 U.S. 117, 130 n.8 (2014). Thus, the Court will not exercise general jurisdiction over Defendant.

    **B.**    **Specific Jurisdiction**

Alternatively, Plaintiff argues Defendant is subject to specific personal jurisdiction because Defendant has sufficient minimum contacts in Florida, Plaintiff assented to the Contract in Florida, and Plaintiff discovered the breach of contract in Florida. Plaintiff further alleges the entire transaction occurred in Florida, including when Plaintiff transported the aircraft to Sarasota. Defendant argues that Plaintiff's own Complaint (Doc. 1) alleges that Defendant is a Kansas corporation with its principal place of business in

Kansas and that all work performed leading to the alleged breach occurred in Kansas. Therefore, none of the allegations arose out of conduct in or relating to Florida.

This Court can exercise jurisdiction over Defendant if it was "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or ha[d] an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1). To establish specific jurisdiction under section 48.193(1)(a)(1), Plaintiff must demonstrate that Defendant's activities, considered collectively, show a general course of business activity in Florida for monetary gain. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). "Factors to consider in making this determination include: (1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4) the percentage of overall revenue gleaned from Florida clients." *Stonepeak Partners, LP v. Tall Tower Cap., LLC*, 231 So. 3d 548, 555 (Fla. 2d DCA 2017) (quotation omitted).

These contacts, however, make no difference if they have no nexus to the alleged cause of action. "Under Florida law there must be some 'direct affiliation,' 'nexus,' or 'substantial connection' between the cause of action and the activities within the state." *Palm Springs Mile Assocs., Ltd. v. T-Mobile USA, Inc.*, No. 20-22841-Civ, 2020 WL 7711687, at *6 (S.D. Fla. Dec. 29, 2020) (quoting *Citicorp Ins. Brokers (Marine) Ltd. v. Charman*, 635 So. 2d 79, 81 (Fla. 1st DCA 1994)). "This nexus requirement is often described as 'connexity,' and must be met before specific jurisdiction will attach under this subsection." *Id.* (quoting *Bloom v. A.H. Pond Co.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981)).

Plaintiff has not established that Defendant's alleged breach has any connection to its offices and service centers in Florida. All work by Defendant was performed in Kansas. (Doc. 11-3, ¶ 6). Moreover, Plaintiff unilaterally decided to transport the aircraft from Kansas to Florida, but the aircraft was not transported to one of Defendant's offices or service centers located in Florida. (*Id.* ¶¶ 10–11). Although Plaintiff's harm may have arisen from Defendant's activity outside of Florida that was similar to Defendant's activity in Florida, that is not enough. *Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019) (finding no specific jurisdiction "no matter how involved [the defendant] may be in the state of Florida, because the [the plaintiffs] did not demonstrate a 'direct affiliation, nexus, or substantial connection' between that involvement and their causes of action, specific jurisdiction is not proper").

Finally, section 48.193(1)(a)(7) of Florida's long-arm Statute authorizes the exercise of jurisdiction over a defendant who "[b]reach[es] a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]." Fla. Stat. § 48.193(1)(a)(7). Plaintiff insists that because it signed the Contract in Florida, paid Defendant from Florida, and is a Florida limited liability company, Defendant is privy to this Court's jurisdiction. (Doc. 16 at 6, 9). Yet, "[i]t is not enough that a foreign defendant merely contract with a Florida resident, or that performance under the contract could have been made in Florida; rather, the contract itself must *require* performance in Florida in order to invoke Florida jurisdiction under section 48.193(1)[(a)(7)]." *Olson v. Robbie*, 141 So. 3d 636, 640 (Fla. 4th DCA 2014). As explained in *Hinkle*, another aircraft case, personal jurisdiction cannot be founded under section 48.193(1)(a)(7) where the contract at issue did not require the defendant to perform any actions in Florida and the plaintiffs

7

did not allege that the defendant failed to perform acts required to be performed in Florida. *Hinkle*, 775 F. App'x at 548; *see also Groome v. Feyh*, 651 F. Supp. 249, 252 (S.D. Fla. 1986) (declining to exercise jurisdiction where there was no indication that the duty allegedly breached was to be performed in Florida).

As Defendant lays out in its affidavits, Defendant negotiated the Contract in Kansas with Don Mercer, Mr. Dobson's representative, rather than Plaintiff. (Doc. 11-2 at 2). They agreed to inspect the aircraft in Wichita. (*Id.*). Defendant received the payment from Mr. Dobson, not Plaintiff, in Kansas. (*Id.*). The aircraft was delivered to Defendant's service center in Wichita, and Defendant took no part in the delivery. (Doc. 11-3, ¶ 4). Defendant performed all of its work under the Contract in Kansas—not Florida. (Doc. 1, ¶¶ 8, 21). Plaintiff does not allege Defendant transported the aircraft to Florida. (*Id.* ¶ 12; *see also* Doc. 11-3, ¶ 10). None of Defendant's employees traveled to Florida for the Contract. (Doc. 11-3, ¶ 11). Thus, nothing about this business transaction occurred in Florida, the contract did not require Defendant to perform any act in Florida, and Defendant did not perform any act in Florida related to the contract. Accordingly, personal jurisdiction cannot be based on section 48.193(1)(a)(7).

Having determined that Plaintiff has not made a prima facie showing that the exercise of personal jurisdiction is proper under state law, the Court need not determine if the exercise of personal jurisdiction is proper under the Due Process Clause. *See Madara*, 916 F.2d at 1514 ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.").

**IV.   CONCLUSION**

It is therefore **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 11) is **GRANTED** and the Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on March 17, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record